[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On September 10, 1998, the court conducted an evidentiary hearing concerning the defendants' motion for attorney's fees as the prevailing party defending against a retaliatory discharge claim under the Connecticut whistle blower's statute, G.S. § 31-51m. In a previous decision the court ruled that reasonable attorney's fees are awardable to an employer who mounts a successful defense to such a claim. Jordan v. The LearningClinic, Superior Court, Windham J.D., d.n. CV95-51042 (April 29, 1998). The present opinion determines the amount of attorney's fees to be awarded.
In the spring of 1995, the plaintiff initiated this suit for wrongful discharge in six counts alleging breach of express contract; breach of implied contract; retaliatory discharge under G.S. § 31-51e for exercising first amendment rights; retaliatory discharge under § 31-51m, the whistle blower statute; fraudulent misrepresentation; and, negligent infliction of emotional distress. On March 11, 1996, the defendants' present counsel appeared in lieu of previous counsel. The defendants make no claim for attorney's fees arising from earlier counsel's representation.
On December 17, 1997, a jury returned a verdict for the defendants on the whistle blower count, as well as claims under § 31-51a and negligent misrepresentation. The court had, at the conclusion of the plaintiff's case, granted the defendants' motion to dismiss the breach of contract claims and the negligent infliction of emotional distress count.
The defendants submitted evidence that its counsel charged $150.00 per hour initially and $165 per hour later on for the legal services rendered in defending this case. The court finds that an hourly charge of $150 is reasonable and comparable to rates typically charged by attorneys defending employers in wrongful discharge cases. CT Page 12255 The defendants also proffered itemized time sheets detailing the type of legal activity performed, the time consumed in performing these activities, and related expenditures. The court finds that the defendants have proved that 583 hours were appropriately expended by counsel in defending against the plaintiff's allegations.
The pivotal issue in determining reasonable fees in this case is whether reasonable fees applies to all the time spent to defend against the entire case or only to those hours allocable to that fraction of the case whose source was the whistle blower statute. The court holds that, in this particular litigation, all of the defense time is to be considered in assessing reasonable attorney's fees.
First, the primary defense to the plaintiff's assertions of wrongful discharge and negligent infliction of emotional distress was that the plaintiff quit employment rather than having been discharged by the defendants. This defense applied with equal vigor to all counts. The jury specially found that the plaintiff had quit instead of having been fired. Every bit of testimony, piece of evidence adduced, and most of the defense argument pertained to this issue and was as necessary to defend against the whistle blower claim as any other. Also, the central basis of both retaliatory discharge counts, §§ 31-51m and 31-51q, were the identical allegations that the plaintiff had once complained to state authorities about certain practices of the defendants. Similarly, pretrial discovery addressed all counts simultaneously because of the core dispute of discharge versus voluntary abandonment of employment.
In Russell v. Dean Witter Reynolds, Inc., 200 Conn. 172
(1986), our Supreme Court held that, even though a party succeeded on only some of multiple counts, attorney's fees were awardable for the entire legal effort launched by that party, including the work done on counts for which the party failed. Id., 194. In that case the plaintiff prevailed on three of five counts The defendant argued that only three-fifths of the fees generated were compensable. The Supreme Court upheld the trial court's rejection of this allocation. Id.
Although in the Russell case, supra, it was a plaintiff who prevailed, the court feels the same logic pertains to successful defendants' claims for attorney's fees. Indeed, the facts of the present case appear more compelling than those in the Russell
CT Page 12256 case, supra, because here the defendants prevailed on all counts. The defense had a unified goal of establishing that the plaintiff quit his job. Having achieved this goal, the defendants are entitled, under § 31-51m, to reasonable attorney's fees for the entire effort.
Under the plaintiff's argument, not only would the court have to parse the time of defense counsel as to counts but also with respect to the issue of damages versus liability. The impracticality of such surgery is apparent on the facts of this case. The holistic approach regarding attorney's fees as announced in the Russell case, supra, avoids such attempt to divide litigative endeavor.
Therefore, the court awards reasonable attorney's fees to the defendants in the amount of $87,450, which amount is the product of 583 hours at $150 per hour.
Sferrazza, J.